## GREGORY v HELMAN

Ohio Appeals, 2nd Dist, Clark Co

No 300.   Decided January, 1933

James B. Malone, Springfield, for plaintiff.

Cole, Bowman & Hodge, Springfield, for defendant.

HORNBECK, J.

The appellant has filed a brief, the first part of which is given to the claim that

inasmuch as there was a finding due the plaintiff against the defendant for default of $50.00 for amount due as rental under the lease, it follows that Clause 5 of the written lease between the parties became effective; that defendant, failing to perform the things to be done by him under the provisions of the lease, could not enforce the terms beneficial to him in the instrument, i.e. remove the article set out in the petition—trade fixtures.

We are not in accord with this claim for the reason that there was an admission at all times by defendant that he owed plaintiff $50.00. There is no showing of any purpose not to pay, nor that the amount due would not have been paid had the injunction proceedings not been brought, nor that plaintiff, prior to the injunction suit, treated the failure to pay the balance due as a breach. Finally, as suggested by counsel, the articles in question are not trade fixtures and therefore not covered by the clause in the lease.

In any event the failure to pay the $50.00 under the circumstances appearing in the record would not, in our judgment, require a finding that there was not a faithful performance by him of all the covenants of his lease.

We first consider the claims of the defendant in his cross petition.

The law defining fixtures has been established in Ohio since 1853. **Teaff v Hewitt et, 1 Oh St 511.** The first and second syllabi of this case have been accepted without modification and practically without comment by the Supreme Court since the opinion was pronounced. The first syllabus is:

"A fixture is an article which was a chattel, but which, by being affixed to the realty, became accessory to it and parcel of it."

"2. The true criterion of a fixture is the united application of the following requisites, to-wit: 1. Actual annexation to the realty, or something appurtenant thereto. 2. Application to the use, or purpose to which that part of the realty with which it is connected is appropriated. 3. The intention of the party making the annexation to make a permanent accession to the freehold."

We therefore are required to determine the facts on the record as they have application to the law heretofore quoted. The record is short and we have read it carefully. We will not discuss at length the testimony and supporting testimony upon which we base our conclusions but be satisfied by announcing them.

The ice-box is a chattel and at no time was its character as such changed. The radiators, pipes in controversy, and drinking fountain were not so securely affixed to the realty in such manner as to indicate that they were to be a part thereof. The toilets were so affixed that in the absence of testimony there might be a finding that they were fixtures. But a fair consideration of the record is convincing that they were placed with a purpose known to plaintiff to remove them if defendant ceased to be a tenant.

We likewise are required to say that the more convincing evidence supports the claim of the defendant that plaintiff agreed to pay a reasonable charge for making connection to the main heating line which defendant had installed at a cost of $1200.00 to $1400.00. Because of the added labor, material, interruption of business, cost and great difficulty to defendant attendant upon the installation of this heating line, as would have been necessary had defendant refused to permit the connection, $600.00 is not excessive for this privilege.

There is some proof tending to support the third cause of action of the cross petition that plaintiff had tied onto defendant's water line but no measure by which we may fix any sum due defendant. The same may be said of the fourth cause of action.

It fairly appears that plaintiff held the articles mentioned after the temporary restraining order issued so as that it may be said he converted them to his own use. Defendant waiving the tort and electing to treat the taking as a sale, it is necessary to fix their value. We are satisfied that $500.00 is a fair sum, representative of their value when taken.

Finding for defendant for $500.00 with interest on his first cause of action and for $600.00 and interest on the second cause of action. Finding for plaintiff for $50.00 with interest.

Judgment for defendant accordingly. Motion to substitute new parties defendant overruled.

ALLREAD, PJ, and KUNKLE, J, concur.